UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TASHA BECKFORD, DAWNETTE BECKFORD, and
NICOLE BECKFORD,                                    Case No.: 16-cv-07486 (DLC)

                            Plaintiff,

      -against-

THE CITY OF NEW YORK, SGT. MALCOLM CHAVIS,
individually and in his official capacity as an HRA
sergeant, RAUL MARTINEZ, individually and in his          **VERIFIED SECOND**
capacity as an employee of FJC Security Services, Inc.,   **AMENDED COMPLAINT**
P.O. WILLIAM DAVILA, individually and in his official
capacity as an HRA police officer, P.O. CHRISTOPHER
PHELPS, individually and in his official capacity as an
HRA police officer, P.O. RUSSELL BACKUS, individually    **Jury Trial Demanded**
and in his official capacity as a HRA police officer, P.O.
SUMIKA WHITMORE, FJC SECURITY SERVICES, and
"JOHN and  JANE DOES," first names being fictitious and
presently unknown, believed to represent individual officers,
peace officers, guards, security officers, staff, personnel and
employees of the CITY OF NEW YORK, NEW YORK
CITY HUMAN RESOURCES ADMINISTRATION and/or
FJC SECURITY SERVICES, both
individually and in their official capacities,

                      Defendants.            Filed on:_____
------------------------------------------------------------------X

      Plaintiffs TASHA BECKFORD, DAWNETTE BECKFORD and NICOLE BECKFORD

(collectively, the "Plaintiffs"), by and through their counsel, as and for their Verified Second

Amended Complaint against Defendants, respectfully set forth and allege that:

## NATURE OF THE CLAIMS

      1.     This is a civil action for compensatory, injunctive, punitive, and exemplary

damages for the wrongful arrest, excessive force, assault, battery, negligence, recklessness and

carelessness of the Defendants, which caused the Plaintiffs to suffer serious physical injury.

      2.     This action is to redress the deprivation under the color of statute, ordinance,

regulation, custom or usage of a right, privilege and immunity secured to the Plaintiffs by the

United States Constitution, particularly the 4th, 5th and 14th Amendments,  42 U.S.C. Sections 1983, 1985, 1986, and 1988, <u>Monell</u>, and the laws and statutes of New York State.

3.      This case arises out of an incident occurring on or about January 12, 2016.

4.      Defendants' conduct was knowing, malicious, wanton and in reckless disregard of the Plaintiffs' rights.  It has caused and continues to cause the Plaintiffs to suffer substantial economic and non-economic harm, severe mental anguish and emotional distress.

## <u>JURISDICTION & VENUE</u>

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1343 (1-4) and 2202 as this case involves a federal question based on the Plaintiffs' protected rights under the United States Constitution, particularly, the 4th, 5th and 14th Amendments,  42 U.S.C. Sections 1983, 1985, 1986, and 1988, <u>Monell</u>.  Plaintiffs further invoke supplemental jurisdiction of this Court to adjudicate state law claims pursuant to 28 U.S.C. § 1967.   The matter in controversy exceeds, exclusive of interests and costs, the sum of One Hundred Thousand Dollars ($100,000.00).

6.      The venue of this action is based upon the fact that the incident at issue occurred within this judicial district.

## <u>PARTIES</u>

7.      Plaintiff TASHA BECKFORD is and was at the time of the occurrence a New York resident residing in Bronx County.

8.      Plaintiff DAWNETTE BECKFORD is and was at the time of the occurrence a New York resident residing in Bronx County.

9.      Plaintiff NICOLE BECKFORD is and was at the time of the occurrence a New York resident residing in Bronx County.

10.     Defendant City of New York (hereinafter "City Defendant") is a municipal corporation duly existing under and by virtue of the laws of the State of New York and maintains its principal place of business at 100 Church Street, New York, New York 10007. Moreover, Defendant City of New York supervises, maintains, owns, manages, and operates the municipal agency, NEW YORK CITY HUMAN RESOURCES ADMINISTRATION (hereinafter "HRA"). At all relevant times, the City Defendant was responsible for hiring, training, monitoring and supervising the HRA and its employees.

11.     At all relevant times, Defendant Malcolm Chavis was a Sergeant for the HRA and a representative of the City of New York, and he directly participated in the unlawful activity that is the subject of this Complaint.

12.     At all relevant times, Defendant Raul Martinez was an employee of  FJC Security Services and served as an agent of Defendant City of New York to work at Defendant City of New York's HRA, and he directly participated in the unlawful activity that is the subject of this Complaint.  As an agent of the City of New York, Defendant Martinez, at all relevant times, acted under color of law within the meaning of 42 U.S.C. § 1983.

13.     At all relevant times, Defendant William Davila was a police officer for the HRA and a representative of the City of New York, and he directly participated in the unlawful activity that is the subject of this Complaint.

14.     At all relevant times, Defendant Christopher Phelps was a police officer for the HRA and a representative of the City of New York, and he directly participated in the unlawful activity that is the subject of this Complaint.

15.     At all relevant times, Defendant Russell Backus was a police officer for the HRA and a representative of the City of New York, and he directly participated in the unlawful activity that is the subject of this Complaint.

16.     At all relevant times, Defendant Sumika Whitmore was a police officer for the HRA and a representative of the City of New York, and she directly participated in the unlawful activity that is the subject of this Complaint.

17.     At all relevant times, Defendant FJC Security Services, Inc. (hereinafter "Defendant FJC"), was a national corporation duly existing under and by virtue of the laws of the State of New York and maintains its principal place of business at 161 Washington Street, Suite 600, Conshohocken, PA 19428.  Defendant FJC was contracted by Defendant City of New York to provide protective security officers to work with its own employees, officers, staff, agents and personnel to provide law enforcement services to maintain the safety, rights and well-being of those at Defendant City of New York's HRA.

18.     At all relevant times, Defendants "JOHN and JANE DOES" were individual officers, peace officers, guards, security officers, staff, personnel and employees of the CITY OF NEW YORK, the NEW YORK CITY HUMAN RESOURCES ADMINISTRATION and/or FJC SECURITY SERVICES, and they directly participated in the unlawful activity that is the subject of this Complaint.

## PROCEDURAL REQUIREMENTS

19.     Within the requisite time period, Plaintiffs served a Notice of Claim against the New York City Human Resources Administration on February 9, 2015 and the City of New York on February 4, 2016.

20.     The oral examinations of the Plaintiffs were held on April 26, 2016 in compliance with Section 50-H of the General Municipal Law.

21.     All conditions and requirements precedent to the commencement of this action have been complied with.

## FACTUAL ALLEGATIONS

22.     On or about January 12, 2016, the Plaintiffs were lawfully present at the New York City Human Resources Administration ("HRA") Office's Center 46, located at 1910 Monterey Avenue, Bronx, New York 10457.

23.     On this date, the Plaintiffs went to Center 46 after Dawnette Beckford and Tasha Beckford received correspondence directing them to visit the center because their respective HRA benefits were going to be cancelled.

24.     When the Plaintiffs arrived at Center 46, they were advised by a customer service representative that Dawnette Beckford and Tasha Beckford needed to obtain a numbered ticket and wait on the first floor for their number to be called by a case worker.

25.     After waiting for approximately 2 hours, Dawnette Beckford and Tasha Beckford were notified that they were waiting on the wrong floor and they were directed to go to the fifth floor.

26.      When they arrived on the fifth floor, Tasha Beckford spoke with an HRA employee to confirm that she and her sisters were on the correct floor.  Nicole and Dawnette Beckford waited on a line that was formed on the fifth floor.

27.     After speaking with an HRA employee, Tasha Beckford learned that she was improperly directed to the fifth floor and that she needed to return to customer service and request to speak with a supervisor.

28.     During their conversation, Defendant Martinez approached them and told Tasha Beckford that it was unfair that she skipped the line while others were waiting.  The HRA employee told Defendant Martinez that there weren't any issues and Tasha Beckford had a quick question she had no issues responding to.

29.     Despite the assurance that Tasha Beckford was not causing any disturbance or issue on the fifth floor, Defendant Martinez radioed for additional officers falsely claiming that Defendant Beckford was creating a disturbance.

30.      After hearing the HRA employee direct Tasha Beckford to return downstairs, Dawnette Beckford and Nicole Beckford left the line and went downstairs.

## DAWNETTE BECKFORD

31.     As Dawnette Beckford was going downstairs with her sisters, Defendants Chavis, Martinez, Davila, Phelps, Backus and Whitmore, along with other "John and Jane Does" followed her closely.  Without any just or probable cause, they yelled at her, kicked her and called her a "bitch."

32.     Fearful for her wellbeing and safety, Dawnette Beckford attempted to exit Center 46.

33.     Before she could leave, Dawnette Beckford was pushed, punched, slammed against multiple walls, and her arm was violently twisted by Defendants Chavis, Martinez, Davila, Phelps, Backus and Whitmore, along with other "John and Jane Does".  .  Ms. Beckford was thus not free to leave.

34.     Defendants Chavis, Martinez, Davila, Phelps, Backus and Whitmore, along with other "John and Jane Does" confiscated her purse and subsequently handcuffed her.

35.     At no time during Dawnette Beckford's interactions with the defendant police officers did she use any force, yell or fail to comply with their directives.   She acted lawfully at all times.

## TASHA BECKFORD

36.     After speaking with the HRA employee on the fifth floor, Tasha Beckford returned downstairs to customer service and requested to speak with a supervisor.

37.     While she was waiting for a supervisor, Sgt Chavis, without any provocation or probable cause, violently slammed her into the customer service window, forcefully placed her hands behind her back and handcuffed her.   She was not free to leave despite having acted lawfully at all times.

38.     Moreover, when Tasha Beckford inquired into why she was being detained, Sgt. Chavis did not reply.

## NICOLE BECKFORD

39.     When Nicole Beckford saw her sister, Tasha Beckford, attacked by Sgt. Chavis she began recording the attack with her cellular phone.

40.     While she was recording, one of the individually-named Defendants who she described as being Caucasian male with an average build assaulted her by knocking her phone out of her hand causing it to fall to the ground.

41.     She retrieved her phone from the ground and started to record Sgt. Chavis' attack of her sister.   At this time, her phone was confiscated by one of the individually-named Defendants.

42.     Without any probable cause or provocation, Nicole Beckford was subsequently assaulted and battered by Defendants Chavis, Martinez, Davila, Phelps, Backus and Whitmore, along with other "John and Jane Does".

## UNLAWFUL SEARCH AND DETENTION

43.     The Plaintiffs were brought into a room where they were unlawfully detained and further humiliated.  While detained, Defendants Chavis, Martinez, Davila, Phelps, Backus and Whitmore, along with other "John and Jane Does" searched the Plaintiffs and their purses.

44.     They deleted all of the recordings Nicole Beckford took of Sgt. Chavis attacking her sister, Tasha.

45.     As they were searching the Plaintiffs' personal effects, they questioned the credit cards in their possession and accused them of engaging in fraud.

46.     In addition, the Plaintiffs were told that a warrantless search was going to be conducted.  At no time during their arrest and detainment were the Plaintiffs told why they were arrested and detained.

47.     After a warrantless search was purportedly completed by Defendants Chavis, Martinez, Davila, Phelps, Backus and Whitmore, along with other "John and Jane Does", each of the Plaintiffs was given two tickets falsely charging them with trespass and disorderly conduct. Tasha Beckford's two tickets were issued by defendant Davila, Dawnette Beckford's were issued by defendant Backus who also falsely wrote that she told him, "I am not fucking leaving," and Nicole Beckford's were issued by defendant Phelps who also falsely claimed that she told him "Fuck you, I ain't going nowhere."

48.     When issued these tickets, they were instructed to appear at the Bronx County Criminal Court on March 9, 2016.  They were also told by one of the individually-named Defendants that the Judge "sits on his big fat ass, puts his feet up and will dismiss the tickets."

49.     In addition, the Plaintiffs were further threatened and told to not return to Center 46 "or else."

50.     During their detainment, Nicole Beckford asked  Defendants Chavis, Martinez, Davila, Phelps, Backus and Whitmore, along with other "John and Jane Does" for medical assistance because she was in a significant amount of pain from the assault.

51.     They threatened her and told her that if they had to call an ambulance they were going to put her in jail.  She insisted on receiving medical care and an ambulance was called approximately 45 minutes later.  She was brought to St. Barnabas Hospital.

52.     Tasha and Dawnette Beckford also sought medical treatment for the injuries they sustained by the Defendant HRA police officers at St. Barnabas Hospital.

53.     On March 9, 2016, the charges against the Plaintiffs were dismissed by the Criminal Court of the City of New York, Bronx County.  The Plaintiffs thereby won their respective cases on the merits.

54.     Due to the unlawful treatment they sustained by members of the HRA, they have been further retaliated and forced to return to Center 46 to reinstate their benefits.

55.     Defendants FJC Security Services and the City of New York, acting in concert and pursuant to their contractual agreement that both entities would work together in providing law enforcement services within the Defendant City of New York's HRA under the direction of Defendant City of New York, had a policy, practice and/or procedure of inadequately training, supervising and monitoring their agents, servants, security guards, officers, and/or employees

regarding the proper basis for arrests, arrests procedures, justification for arrests and/or handling arrest individuals with the proper care and safety to protect them from unnecessary harm. This policy was in reckless disregard to the rights of citizens, like the Plaintiffs, who were not involved in any criminal wrongdoing.

56.     Defendants FJC Security Services and the City of New York had a duty to ensure that the actions, activities and behavior of its said servants, officers, agents, security guards and/or employees as law enforcement officials conformed to a certain standard of conduct established by law for the protection of others against unreasonable risk and harm and that they do not conduct themselves in a manner that would intentionally, wantonly and/or negligently cause injuries to others, including the Plaintiffs herein.

57.     Defendants FJC Security Services and the City of New York had a duty to sufficiently screen for hiring, train, and supervise, its servants, agents, security guards, officers, employees and/or personnel so as to ensure the safety, protection, security and well-being of persons who were in the presence, proximity, custody and/or control of the HRA, City of New York, and FJC Security Services, security guards, agents, officers, personnel and/or employees.

58.     As a result of Defendants City of New York and FJC Security Services' failure to properly hire, train and supervise their employees, Defendants Chavis, Martinez, Davila, Phelps, Backus, Sumika, and "John and Jane Does," were able to act in reckless disregard to the rights of the Plaintiffs by abusing their role as officers and/or guards by wrongfully arresting, using excessive force, assaulting, battering and acting in a reckless and careless manner with regards to the Plaintiffs' rights.

59.     Furthermore, Defendants, Chavis, Martinez, Davila, Phelps, Backus, Sumika and "John and Jane Does," while acting separately breached their duty to ensure that their actions,

activities and behavior conformed to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm, as well as to conduct themselves in a manner that would not intentionally, wantonly, and/or negligently cause injuries to others, including the Plaintiffs herein.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983)

60.     Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 59, inclusive, as if fully set forth herein.

61.     The Defendants violated their duty to provide and/or ensure the safety and protection of those in their presence, custody and/or control of its personnel, including the Plaintiffs.

62.     Defendants City of New York and FJC Security had a duty to ensure the actions, activities and behavior of its said agents, servants, employees, personnel and/or officers allowed for the safety of individuals like the Plaintiffs herein.  By not doing so, the Defendants City of New York and FJC Security Services, through its employees, Defendants Chavis, Davila, Martinez, Phelps, Backus and Whitmore and "John and Jane Does," while acting in concert and under their contractual agreement that both entities would work together in providing law enforcement within Defendant City of New York's HRA under the direction of Defendant City of New York and thus under color of law, violated the Plaintiffs' constitutional rights by effecting an unlawful arrest, using excessive force, and maliciously prosecuting Plaintiffs herein. More specifically, the assault, battery, handcuffing, arresting and falsely charging Plaintiffs violated their rights under the 1st, 4th, 5th and 14th Amendments to the U.S. Constitution and 42 U.S.C. § § 1983, et seq.

63.     At all relevant times, Defendants Chavis, Martinez, Davila, Phelps, Backus, Whitmore and "John and Jane Does" were representatives, employees and/or agents of HRA, City of New York and/or FJC Security Services.  Thus, Defendants City of New York and FJC Security Services had a duty to ensure the actions, activities and behavior of Defendants Chavis, Martinez, Davila, Phelps, Backus, Whitmore and "John and Jane Does" conformed to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm, and not in a manner so as not to intentionally wantonly and/or negligently harm others, including the Plaintiffs herein.

64.     Defendants Chavis, Martinez, Davila, Phelps, Backus, Whitmore, and "John and Jane Does" acting in the course and scope of their employment as officers and representatives for the Defendant City of New York, HRA and Defendant JFC Security Services violated the Constitutional rights of the Plaintiffs to be safe and secure in their persons guaranteed under the 4th, 5th and 14th Amendments, including, but not limited to being free from the use of excessive force, assault, battery, malicious prosecution and unlawful arrests.

65.     As a result of the Defendants' actions, Plaintiffs were severely injured, suffered mental anguish, great physical pain and emotional upset, some of which are permanent in nature and duration.

66.     The resulting injuries sustained by the Plaintiffs were caused solely by the Defendants, in violation of the Plaintiffs' Civil and Constitutional rights, and without any cause, provocation, or negligence on the part of the Plaintiffs contributing thereto.

## SECOND CAUSE OF ACTION
## (<u>Monell</u> under 42 U.S.C. § 1983)

67.     Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 66, inclusive, as if fully set forth herein.

68.     At all relevant times, Defendant CITY OF NEW YORK's HRA maintained a custom, practice and/or policy of failing to properly investigate, discipline and/or retrain  its guards, officers and/or employees charged of using, accused of using or found to have actually used excessive force, false arrest or otherwise violated the rights of individual members of the public.  They also maintained a custom, practice and/or policy of failing to discipline, investigate or retrain its employees accused of or found to have improperly confiscated cell phones, erase and/or alter video evidence, and who make false charges and/or allegations against those victims of illegal conduct to cover their unconstitutional acts.

69.     The policies, customs and/or practices allowed Defendants  Chavis,  Martinez, Davila, Phelps, Backus Whitmore and "John and Jane Does" to act with deliberate indifference to the constitutional rights of people like the Plaintiffs.

70.     As a result of the foregoing policies, customs and/or practices, the Plaintiffs have suffered and continue to suffer physical, psychological and economic harm.

71.     At all relevant times, Defendant City of New York had a duty to screen applicants for hire, retention or discharge with the HRA those employees who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard, or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological, biased and/or psychological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

72.     At all relevant times, it was the duty of Defendant City of New York to sufficiently hire, train, retain personnel within the HRA so as to sufficiently discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, officers, employees and personnel.

73.     Upon information and belief, the individually-named Defendants of the HRA were improperly trained, supervised and retained in violation of the standards set out by the <u>Monell</u> Doctrine as well as New York State law.  Furthermore, the individually-named officers of the HRA responsible for the violations of the Plaintiffs had prior histories of using excessive force, were known threats to the public and therefore improperly retained.

74.     As a result of the Defendants' deliberate indifference to its training, supervisory duties and retention of the individually-named Defendants, the Plaintiffs were caused to suffer injuries and damages without the fault or contribution of the Plaintiffs.

**THIRD CAUSE OF ACTION**
**(Negligent Hiring, Training and Supervision)**

75.     Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 74, inclusive, as if fully set forth herein.

76.     At all relevant times, the Defendants CITY OF NEW YORK and FJC Security Services  had a duty screen applicants for hire, retention or discharge those employees who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard, or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

77.     At all relevant times, Defendants CITY OF NEW YORK and FJC Security Services were aware of Defendants Chavis, Backus, Martinez, Phelps, Davila, Whitmore and

"JOHN and JANE DOES" 's prior histories of using excessive force, being known threats to the public and therefore improperly retained.

78.     At all relevant times, it was the duty of the Defendants CITY OF NEW YORK and FJC Security Services to sufficiently hire, train, retain personnel within HRA locations, the Academy and at the Command, Precinct and Patrol levels so as to sufficiently discipline, supervise, promulgate, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, police officers, employees and/or personnel.

79.     As a result of the Defendant's breach of duty, the Plaintiffs were caused to suffer severe injuries and damage, without fault or contributing by the Plaintiffs.  As such, the Plaintiffs have suffered and continue to suffer extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries that are permanent in nature and duration.

## FOURTH CAUSE OF ACTION
### (Wrongful Arrest and Excessive Force under State Law)

80.      Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 79, inclusive, as if fully set forth herein.

81.     Plaintiffs were unlawfully assaulted, battered, handcuffed, detained, confined and arrested without just or probable cause or provocation by Defendants Chavis, Backus, Martinez, Phelps, Davila, Whitmore and "JOHN and JANE DOES"  herein.

82.     As a result of the foregoing, the Plaintiffs' rights secured under the laws of the State of New York were violated by Defendants, Chavis, Davila, Martinez, Phelps, Backus and Whitmore, and other "John and Jane Does" Who were all acting in concert to conceal their own criminal wrongdoing.

## FIFTH CAUSE OF ACTION
### (Malicious Prosecution under Federal and State Laws)

83.     Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 82, inclusive, as if fully set forth herein.

84.     The Defendants, their servants, agents, sergeants, detectives, lieutenants, captains and/or employees intentionally, wantonly, maliciously and falsely prosecuted the Plaintiffs for criminal charges of which they were wholly innocent in order to cover-up the wrongfulness of their conduct.

85.     The charges brought against the Plaintiffs by the Defendants were without probable cause and done solely for the purpose of shielding and/or purportedly justifying the unconscionable arrest and unlawful treatment and abuse perpetuated upon the Plaintiffs by the Defendants, all of which violated Plaintiffs' rights under Federal law, Section 42 U.S.C. §1983 and New York State law.

86.     Through their actions the Defendants intentionally, wantonly and maliciously prosecuted and/or caused, compelled, ordered, directed and/or permitted the malicious prosecution of the Plaintiffs, as common criminals, causing and/or compelling them to appear in public and in Court and falsely prosecuted the Plaintiffs.

87.     The charges brought against the Plaintiffs were dismissed on the merits by the Criminal Court of the City of New York, Bronx County on or about March 9, 2016.

## SIXTH CAUSE OF ACTION
### (Failure to Intercede under Federal Law 42 U.S.C. § 1983)

88.     Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 87, inclusive, as if fully set forth herein.

89.     The Defendants, acting in concert, failed to provide for the safety, security and protection of the Plaintiffs by failing to assist them properly, allowing them to suffer grave injuries, and failing to intercede when it was apparent that their Constitutional rights under the 4th, 5th, and 14th Amendments were being violated by Defendants Chavis, Martinez, Davila, Phelps, Backus, Whitmore and "John and Jane Does.".s.

90.     In addition, the Defendants negligently and/or intentionally failed to intercede and prevent the within incidents of extraordinary violence, intentional infliction of physical and emotional distress and destruction of evidence by Defendants Chavis, Davila, Martinez, Phelps, Backus, Whitmore and "John and Jane Does", who were acting in concert, and all of whom were acting within the course and scope of their employment for the said defendants.

91.     As a result of the foregoing, the Plaintiffs were seriously injured.

## SEVENTH CAUSE OF ACTION
### (State Law Negligence)

92.     Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 91, inclusive, as if fully set forth herein.

93.     Defendants Chavis, Martinez, Davila, Phelps, Backus, Whitmore and "John and Jane Does" negligently failed to perform their duties of providing for the safety, security and protection of the Plaintiffs when attempting to remove the Plaintiffs from the Defendant City of New York's premises.  As a result of the foregoing, the Plaintiffs were seriously injured.

94.     This action falls within one or more of the exceptions set forth in CPLR 1602.

95.     Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed the Plaintiffs a non-delegable duty of care.

96.     Pursuant to CPLR Section 1602(7), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard of the safety of others.

97.     Pursuant to CPLR Section 1602(2)(iv), the Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the Plaintiffs' damages.

98.     Pursuant to CPLR Section 1602(11), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiffs' non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against the Defendants, containing the following relief:

A.      An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiffs for their monetary and/or economic damages;

B.      An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiffs for all their non-monetary and/or

compensatory damages, including but not limited to, compensation for severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

      C.     An award of costs that Plaintiffs has incurred in this action, as well as Plaintiffs' reasonable attorneys' fees to the fullest extent permitted by law;

      D.     An award of punitive damages against the individually named Defendants in their individual capacities; and

      E.     Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues of fact and damages.

Dated:  New York, New York
       April 2, 2018

                        Yours, etc.,

                        _____/s/_____
                        Derek S. Sells (DS-8891)
                        Tracey L. Brown (TB-4094)
                        Stephanie R. Correa (SC-0436)
                        THE COCHRAN FIRM
                        Attorneys for Plaintiffs
                        One Exchange Plaza
                        55 Broadway, 23rd Floor
                        New York, New York 10006
                        Tel No.: (212) 553-9215

<u>ATTORNEY'S VERIFICATION</u>

STATE OF NEW YORK     )
                              ).SS:
COUNTY OF NEW YORK  )

      The undersigned, an attorney, duly admitted to practice law in the Courts of the State of New York, and hereby deposes and states that:

      I am the Chairman of THE COCHRAN FIRM, attorneys for the plaintiffs in the above action. I have read the annexed SECOND AMENDED COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

      The reason I make this verification instead of plaintiffs, is that the plaintiffs reside out of the County of New York, wherein I maintain my office.

      I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       April 2, 2018

                               __/s/_____
                               DEREK S. SELLS (DS-8891)