```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
                                         :     16cv7486(DLC)
TASHA BECKFORD, DAWNETTE BECKFORD, and   :
NICOLE BECKFORD,                         :     OPINION AND ORDER
                           Plaintiffs,   :
                                         :
              -v-                        :
                                         :
CITY OF NEW YORK, SGT. MALCOM CHAVIS,    :
individually and in his official         :
capacity as an HRA sergeant, P.O.        :
WILLIAM DAVILA, individually and in his  :
official capacity as an HRA police       :
officer, P.O. CHRISTOPHER PHELPS,        :
individually and in his official         :
capacity as an HRA police officer, P.O.  :
RUSSELL BACKUS, individually and in his  :
official capacity as an HRA police       :
officer, P.O.                            :
SUMIKA WHITMORE, and "JOHN AND JANE      :
DOES," first names being fictitious and  :
presently unknown, believed to           :
represent individual officers, peace     :
officers, guards, security officers,     :
staff, personnel and employees of CITY   :
OF NEW YORK, NEW YORK CITY HUMAN         :
RESOURCES ADMINISTRATION and/or FJC      :
SECURITY SERVICES, both individually     :
and in their official capacities,        :
                           Defendants.   :
                                         :
---------------------------------------- X
```

APPEARANCES:

For Plaintiffs:
Derek S. Sells
Stephanie R. Correa
Tracey Lyn Brown
The Cochran Firm
55 Broadway 23rd, Floor
New York, NY 10006

For Defendants:
Melanie M. Speight

New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

Plaintiffs Tasha, Dawnette, and Nicole Beckford (collectively "Plaintiffs"), who are sisters, assert that their civil rights were violated during a visit to a New York City Human Resource Administration office ("HRA Office") on January 12, 2016. On September 25, 2016, they filed this action against the City of New York and HRA police officers Malcolm Chaviz ("Chaviz"), William Davila ("Davila"), Christopher Phelps ("Phelps"), Russell Backus ("Backus"), and Sumika Whitmore ("Whitmore") (collectively, "Defendants").[1] The Defendants have moved for partial summary judgment on the Plaintiffs' state malicious prosecution claim and any negligent supervision claim against Chavis. For the reasons set forth below, the Defendants' motion for summary judgment is denied as to the malicious prosecution claim and granted as to any negligent supervision claim.

---

[1] The Plaintiffs also sued a private security guard, Raul Martinez, and his employer, FJC Security Services. On November 28, 2018, the claims against these defendants were voluntarily dismissed with prejudice.

**BACKGROUND**

The following facts are undisputed or taken in the light most favorable to the Plaintiffs, unless otherwise noted. The parties dispute most of what transpired between the Plaintiffs and the HRA police officers at the HRA Office. It is undisputed that Officer Chavis directed Officers Backus, Davila, and Phelps to issue two summonses to each of the Plaintiffs. Each plaintiff received a summons for disorderly conduct in violation of New York Penal Law § 240.20 and a summons for trespassing in violation of New York Penal law § 140.05. After these summonses were issued, the Plaintiffs were released from the HRA Center.

When the Plaintiffs appeared in court on March 9, 2016, in response to the summonses, the summonses were dismissed. Each summons was stamped with the words "SAP Dismissal."

The Plaintiffs served a Notice of Claim against the HRA and the City of New York on February 4 and 9, 2016, respectively. The Plaintiffs commenced this action on September 26, 2016. The Plaintiffs filed a Second Amended Complaint ("SAC") on April 13, 2018.

On November 2, 2018, following the conclusion of discovery, the Defendants filed a partial motion for summary judgment. On November 30, the parties entered into a stipulation and order to dismiss and withdraw with prejudice several of the Plaintiffs'

claims (the "Stipulation"). In light of the Stipulation, only two of the claims that are addressed in the Defendants' November 2 motion for summary judgment remain to be resolved: the Plaintiffs' state law claims for malicious prosecution and what they now assert is a negligent supervision claim against Chavis.

## **DISCUSSION**

Summary judgment may not be granted unless all of the submissions taken together "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Smith v. Cnty. of Suffolk, 776 F.3d 114, 121 (2d Cir. 2015) (citation omitted). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party. See Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992); Gemmink v. Jay Peak Inc., 807 F.3d. 46, 48 (2d Cir. 2015). "[W]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is

presented." Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004) (citation omitted) (emphasis omitted).

Once the moving party has asserted facts showing that the non-movant's claims or affirmative defenses cannot be sustained, "the party opposing summary judgment may not merely rest on the allegations or denials of his pleading; rather his response, by affidavits or otherwise as provided in the Rule, must set forth specific facts demonstrating that there is a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (citation omitted). "[C]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment," Ridinger v. Dow Jones & Co. Inc., 651 F.3d 309, 317 (2d Cir. 2011) (citation omitted), as is "mere speculation or conjecture as to the true nature of the facts." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over material facts will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "An issue of fact is genuine and material if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Cross Commerce Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016).

5

Malicious Prosecution under New York Law

The Defendants seek summary judgment on the Plaintiffs' New York malicious prosecution claim.[2]

> To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.

Stampf v. Long Island R. Co., 761 F.3d 192, 198 (2d Cir. 2014) (citation omitted). "[F]or malicious prosecution claims brought under New York law, federal courts must faithfully apply New York tort law." Lanning v. City of Glens Falls, 908 F.3d 19, 28 (2d Cir. 2018).

The issuance of a summons initiates a criminal proceeding. It is true that New York courts have not yet held that a summons initiates a criminal proceeding. But, in determining that the issuance of a desk appearance ticket ("DAT") initiates a criminal prosecution, courts have assumed that a summons does as well. For instance, in first holding that the issuance of a DAT commences a prosecution for purposes of the tort of malicious prosecution, the Second Circuit reasoned:

---

[2] In their opposition brief, the Plaintiffs clarify that their malicious prosecution claim is not brought against defendant Whitmore, who was not involved in the issuance of the summonses.

> <u>The Appearance Ticket may have an impact on the accused just as severe as that of a summons</u>. When either instrument is issued the accused bears the inconvenience and expense of appearing in court and, perhaps more important, is subject to the anxiety induced by a pending criminal charge. Moreover, if others learn that charges have been lodged against the accused, his character is no less traduced because the accusation is contained in an Appearance Ticket rather than in a summons.

<u>Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10, I.L.G.W.U.</u>, 605 F.2d 1228, 1250 (2d Cir. 1979) (emphasis supplied).

Under New York law, a proceeding may be deemed to have terminated in a plaintiff's favor even in the absence of a disposition of the criminal proceeding that demonstrates the plaintiff's innocence. The New York Court of Appeals has held that "'<u>any</u> termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused.'" <u>Lanning</u>, 908 F.3d at 27 (citing <u>Cantalino v. Danner</u>, 96 N.Y.2d 391, 395 (2001)).[3] Thus, even where a prosecution is not terminated through adjudication of the defendant's

---

[3] In malicious prosecution claims brought under federal law, however, favorable termination requires "an affirmative indication that the person is innocent of the offense charged." <u>Lanning</u>, 908 F.3d at 28.

7

innocence, it may be characterized as a favorable termination for New York malicious prosecution purposes where dismissal of the charges is final. "A dismissal without prejudice qualifies as a final, favorable termination if the dismissal represents the formal abandonment of the proceedings by the public prosecutor." Smith-Hunter v. Harvey, 95 N.Y.2d 191, 198 (2000) (citation omitted). For example, the Second Circuit found in Stampf that a declination of prosecution stating that "[f]ollowing a review of the evidence and interviews with several witnesses, including the complaining witness, the People conclude that the case cannot be proven beyond a reasonable doubt" constituted a favorable termination under New York law "notwithstanding that the prosecutor is theoretically capable of resurrecting the prosecution." 761 F.3d at 200, 201.

"Under New York law, malice does not have to be actual spite or hatred, but requires only that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." Dufort v. City of New York, 874 F.3d 338, 353 (2d Cir. 2017) (citation omitted).

> While lack of probable cause to institute a criminal proceeding and proof of actual malice are independent and indispensable elements of a malicious prosecution action, the absence of probable cause does bear on the malice issue, and probable cause to initiate a

8

> criminal proceeding may be so totally lacking as to
> reasonably permit an inference that the proceeding was
> maliciously instituted.

Torres v. Jones, 26 N.Y.3d 742, 761–62 (2016) (citation omitted).

The Defendants contend that the Plaintiffs' malicious prosecution claim must be dismissed because there is insufficient evidence of either a favorable termination or malice. The parties agree that the existence of probable cause in this case presents a material question of fact not properly decided at the summary judgment phase.

As already noted, the issuance of a summons initiates a criminal proceeding. The plaintiffs have also shown a termination of proceedings in their favor.

The summonses were dismissed by the criminal court's Summons All Purpose ("SAP") Part. While the "SAP Dismissal" stamp provides no indication of any reason for these dismissals and nothing else in the record indicates the reasons for the dismissal, under New York law, "any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused." Cantalino, 96 N.Y.2d at 395 (emphasis added). The Defendants point to no evidence that the

circumstances around the dismissal of these summonses were inconsistent with the Plaintiffs' innocence, or that the summonses could be reissued once dismissed. Years have passed since the events at issue, and there has been no reissuance of the summonses.

Because, as the parties concede, there is a genuine issue of material fact as to whether the Defendants had probable cause to issue the summonses, a material factual dispute also exists as to malice. "Malice may be inferred . . . from the absence of probable cause." Dufort, 874 F.3d at 353. The Defendants' motion for summary judgment as to the New York malicious prosecution claim is therefore denied.

Negligent Supervision

The SAC asserts a claim of negligent hiring, training, and supervision against the City of New York.[4] The parties have since stipulated to the dismissal of this claim. In their opposition brief, however, the Plaintiffs argue that their "claims of Negligent Supervision against Defendant Chavis" survive the parties' stipulated dismissal and the Defendants' motion for summary judgment. The SAC did not include such a claim against Chavis. In any event, negligent supervision

---

[4] This cause of action was also asserted against FJC Security Services.

claims may only be brought against an employer. <u>Papelino v. Albany Coll. of Pharmacy of Union Univ.</u>, 633 F.3d 81, 94 (2d Cir. 2011).

**CONCLUSION**

The Defendants' November 2, 2018 partial motion for summary judgment is granted in part. Any claim for negligent supervision against defendant Chavis is dismissed. The claims that remain for trial are the Plaintiffs' malicious prosecution claims under New York law, false arrest claims under New York and federal law, excessive force claims under New York and federal law, and failure to intervene claim under federal law. The Plaintiffs' claims for municipal liability have been severed.

SO ORDERED:

Dated: New York, New York
April 1, 2019

_____
DENISE COTE
United States District Judge